IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. _____ |
| v. ) ) | C O M P L A I N T |
| THE WORK CONNECTION, ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) _____ ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1990 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Abdiaziz Ali Abdi and Khadija Jama, and a class of Muslim applicants and employees who were adversely affected by such practices.  EEOC claims that Defendant, The Work Connection, an employment agency, refused to provide accommodation, and refused to refer to its client, Gold'n Plump Poultry, Inc., a class of Muslim employees because of their religion.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section I of the Civil Rights Act of 1990, 42 U.S.C. §1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for District of Minnesota.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, The Work Connection, has procured employees for an employer and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## STATEMENT OF CLAIMS

5.      More than thirty days prior to the institution of this lawsuit, Abdiaziz Ali Abdi and Khadija Jama filed charges with the Commission alleging violations of Title VII by Defendant, The Work Connection.  All conditions precedent to the institution of this lawsuit have been fulfilled.

6.      Since at least September, 2005, Defendant, The Work Connection, has engaged in unlawful employment practices at its Cold Springs, Minnesota and Arcadia, Wisconsin facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2, including, but not limited to, requiring Muslim applicants to sign a "pork acknowledgement form," which required them to agree to handle pork products, in violation of their sincere religious beliefs as Muslims.

7.     The effect of the practice complained of in paragraph 6 above has been to deprive Abdiaziz Ali Abdi and Khadija Jama, and a class of Muslim applicants and employees of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their religion.

8.     The unlawful practices complained of in paragaphs 6 and 7 above were and are intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, The Work Connection, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion.

B.     Order Defendant, The Work Connection, to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslim applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant, The Work Connection, to make whole Abdiaziz Ali Abdi, Khadija Jama and a class of Muslim applicants for employment by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 6 and 7 above, including but not limited to appropriate referrals without regard to religion.

D.  Order Defendant, The Work Connection to make whole Abdiaziz Ali Abdi, Khadija Jama and a class of Muslim applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6 and 7 above, in amounts to be determined at trial.

E.  Order Defendant, The Work Connection, to make whole Abdiaziz Ali Abdi, Khadija Jama and a class of Muslim applicants, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 6 and 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507


s/John C. Hendrickson
John C. Hendrickson
Regional Attorney


s/Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-8551
Fax: (312) 353-8555



s/Nicholas J. Pladson
Nicholas J. Pladson
Minnesota Bar Number 0388148
Trial Attorney

Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, Minnesota 55401
(612) 335-4047
Fax: 335-4044

5